IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael C. Romig,            :
          Appellant    :
                    :   No. 1138 C.D. 2021
   v.              :   Submitted: January 27, 2023
                    :
Mifflin County Tax Claim Bureau   :

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                  FILED: August 10, 2023

Michael C. Romig (Appellant) appeals *pro se* from the order entered by the Court of Common Pleas of Mifflin County (trial court) that denied his "petition to preserve for civil lawsuit for loss of removed property" in favor of the Mifflin County Tax Claim Bureau (Bureau). As best as we can discern, Appellant argues the Bureau is liable because Appellant's personal property was allegedly removed from his home. We vacate the order below, strike Appellant's "motion for judgment on pleadings/dispositive motion" filed in this Court, and remand with instructions to dismiss Appellant's petition because the trial court lacked jurisdiction to resolve Appellant's claim under the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 to .803.

## I. BACKGROUND[1]

Appellant is currently incarcerated. While he was incarcerated, the

---

[1] Due to the procedural posture, which we discuss below, we glean the undisputed facts from the original record. But because the original record transmitted to this Court was incomplete, we occasionally rely on the docket's description of documents. Unfortunately, the docket

Bureau sold Appellant's real property, among others. *See* Trial Ct. Order, 3/25/21; *see generally* Tax Sale Law. Appellant filed a motion requesting that the tax sale be set aside for various reasons, including improper notice. Mot. for Halt of Sale of Prop., 9/26/19.[2] The trial court granted the motion. Order, 11/18/19.[3]

Subsequently, the Bureau filed a petition for confirmation of a judicial sale of multiple properties, which apparently included Appellant's property, and the trial court issued a rule to show cause. Order, 3/25/21. Following a show cause hearing, the trial court again "set aside" Appellant's property from any judicial sale. *Id.*[4]

Appellant filed the petition at issue, which alleges that Appellant's family notified Appellant that his belongings were removed from the property. Pet. to Preserve for Civil Lawsuit for Loss of Removed Prop., 4/20/21, ¶ 2. Appellant further claims that he was insured for $60,000 and, therefore, "sues [the Bureau] and [its] actors for the [amount] of $60,000.00 for loss of property within the property,

---

references multiple properties, as there are numerous entries and references to legal filings, counsel, and property owners that are not reflected in the instant original record. *See generally* Dkt., No. 2019-01057. The prothonotary may have sufficient reason to combine multiple cases into a single docket, but it led to a deficient original record. For example, the initiating pleading is absent from the record. *See generally* Pa.R.A.P. 1921 & cmt. Finally, we construe *pro se* pleadings liberally, and we may state dates per the prisoner mailbox rule. *Young v. Est. of Young*, 138 A.3d 78, 87 (Pa. Cmwlth. 2016).

[2] Notwithstanding the label of his motion, Appellant explicitly requested "the setting aside of a tax sale" of his property. Mot. for Halt of Sale of Prop. at 1.

[3] The order granted Appellant's "Objections," which we construe as Appellant's motion.

[4] The order appears to identify a buyer of Appellant's property at the judicial sale. Very briefly, the Tax Sale Law provides for (a) upset tax sales and (b) judicial sales subject to several conditions, which include a failure to bid the upset price at a prior upset tax sale. *See* Sections 601 and 610 of the Tax Sale Law, 72 P.S. §§ 5860.601, 5860.610; *In re Tax Sale Pursuant to Real Estate Tax Sale Law of 1947*, 8 A.3d 358, 365-66 (Pa. Cmwlth. 2010) (explaining that property must essentially be up for sale at an "upset sale" before a "judicial sale"). An "upset price" is the price equivalent to the full amount of outstanding taxes owed on the property. *Fieg v. Somerset Cnty. Tax Claim Bureau*, 658 A.2d 476, 477 (Pa. Cmwlth. 1995).

after a Nov. [18], 2019 Order halting [the] sale . . . ." *Id.* ¶ 3 & *ad damnum* cl.[5]  The Bureau filed an answer, generally denying the averments.  Answer, 5/24/21.

The trial court held an evidentiary hearing, at which Appellant and Rebecca Ganoe, director of the Bureau, testified.  *See generally* Notes of Testimony (N.T.) Hr'g, 7/8/21, at 1-23.  In relevant part, Appellant did not adduce testimony or otherwise present evidence that personal property was removed from his home.  *See generally id.*[6]

The court denied Appellant's petition, and Appellant timely appealed. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, which did not raise an issue that the Bureau lacked authority to initiate a sale of the property.  The court filed a Pa.R.A.P. 1925(a) opinion.[7]

## II. ISSUES

On appeal, Appellant contends that the court erred in denying his "civil [lawsuit], where there was no valid sale of real estate," and he "should have been compensated for lost [chattels] wrongfully removed without notice . . . ." Appellant's Br. at 6.  Appellant also maintains that "the loss of chattels" was a direct result of the Bureau's improper notice.  *Id.*

---

[5] Giving Appellant the benefit of the doubt, *see Young*, 138 A.3d at 87, it appears Appellant raises a claim of negligence against the Bureau because his personal property was removed from his home.

[6] We acknowledge that Appellant attempted to present hearsay testimony that personal property was removed from his home.  N.T. Hr'g at 6.  The Bureau objected on the basis of hearsay. *Id.*  The trial court did not explicitly sustain the objection, but noted that Appellant failed to have the declarant (Appellant's father) present at the hearing.  *Id.* at 7.

[7] Because no outstanding claims remain, we construe the order at issue as a final order.  *See generally* Pa.R.A.P. 34 .  Appellant subsequently filed a "motion for judgment on pleadings/dispositive motion" in this Court, based on the appellate briefs previously filed. Appellant's Mot. for J. on Pleadings/Dispositive Mot., 2/7/23.

### III. DISCUSSION[8]

Before summarizing Appellant's arguments, we must resolve whether Appellant's petition was a permitted filing, *i.e.*, a cause of action, under the Tax Sale Law. In other words, the issue is whether the Tax Sale Law permits Appellant to raise a claim for damages against the Bureau or whether Appellant was required to pursue his common law claim by filing and serving a complaint on the Bureau.[9]

The Tax Sale Law "is a self-contained statute" for "the collection and adjudication" of tax claims, including the "sales of real property," as needed. Section 101 of the Tax Sale Law, 72 P.S. § 5860.101 note; *In re Upset Sale, Tax Claims Bureau*, 205 A.2d 104, 106 (Pa. Super. 1964).[10] The Tax Sale Law was enacted to provide "speedier and more efficient procedures for enforcing tax liens and to improve the quality of titles obtained at a tax sale." *Povlow v. Brown*, 315 A.2d 375, 377 (Pa. Cmwlth. 1974) (footnote omitted).

The Tax Sale Law does not explicitly provide for an action against the Bureau. *See generally* Sections 101-803 of the Tax Sale Law, 72 P.S. §§ 5860.101 to .803; *Alpini v. Workers' Comp. Appeal Bd. (Tinicum Twp.)*, 294 A.3d 307, 322 (Pa. 2023) (defining "action" in a particular statute as a civil suit in which the plaintiff seeks, *inter alia*, damages). *Cf. Wagner v. Anzon, Inc.*, 684 A.2d 570, 575 (Pa. Super. 1996) (stating "the absence of a private cause of action in a statutory scheme is an indicator that the *statute* did not contemplate enforcement for individual harms"

---

[8] Typically, we would review an order resolving a tax sale for an abuse of discretion or error of law. *Famageltto v. Cnty. of Erie Tax Claim Bureau*, 133 A.3d 337, 343 n.13 (Pa. Cmwlth. 2016) (*en banc*). However, that review necessarily presumes the trial court could enter the order at issue in a tax sale case.

[9] The Bureau notes that although Appellant could file a civil lawsuit, the trial court nevertheless considered the instant petition and held an evidentiary hearing. Bureau's Br. at 4.

[10] We may cite to Superior Court cases to the extent we find them persuasive. *See Rickell v. Dep't of Transp., Bureau of Driver Licensing*, 289 A.3d 1155, 1160 n.10 (Pa. Cmwlth. 2023).

(emphasis added)); *cf. also NASDAQ OMX PHLX, Inc. v. PennMont Secs.*, 52 A.3d 296, 319-20 (Pa. Super. 2012) (*NASDAQ*) (explaining that the trial court lacked subject matter jurisdiction over a cause of action subject to federal preemption).

The Tax Sale Law establishes a multi-stage process that we briefly summarize. *See generally* Sections 101 to 803 of the Tax Sale Law, 72 P.S. §§ 5860.101 to .803. The first stage resolves the existence and validity of a property tax claim. *See id.*; Sections 301 to 316 of the Tax Sale Law, 72 P.S. §§ 5860.301 to .316. Very simply, the taxing authority files a tax claim against the delinquent taxpayer, who may challenge the validity of the claim. *Id.* Upon a final ruling upholding the validity of the claim, *i.e.*, the claim is "absolute" in Tax Sale Law parlance, the taxing authority may then pursue a sale of the taxpayer's property unless the taxpayer discharges the claim, *i.e.*, pays off the amount owed. *Id.* Sections 501 to 705 of the Tax Sale Law, 72 P.S. §§ 5860.501 to .705.

The taxing authority may then sell the taxpayer's property. *Id.* Sections 601 to 642 of the Tax Sale Law, 72 P.S. §§ 5860.601 to .642. If the taxpayer's property is sold, then the taxpayer may challenge the validity of the sale. *See, e.g.*, *id.* Section 607(d) of the Tax Sale Law, 72 P.S. § 5860.607(d) (stating that "objections or exceptions" "may question the regularity or legality" of the tax sale, subject to one exception not relevant here); *Rivera v. Carbon Cnty. Tax Claim Bureau*, 857 A.2d 208, 215 (Pa. Cmwlth. 2004) (explaining that the taxpayer could challenge the notice requirements for a judicial sale).

The Tax Sale Law permits the taxpayer to file objections or exceptions on various grounds but, as noted above, does not explicitly authorize an action or claim for damages against the taxing authority for a failure to comply with the Tax Sale Law. *See generally* Sections 101 to 803 of the Tax Sale Law, 72 P.S. §§ 5860.101

5

to .803; 1 Pa.C.S. § 1504 (granting conditional preference to a statutory remedy over a common law remedy). The Tax Sale Law does not seemingly bar such a claim in a separate lawsuit.

For example, in *Hughes v. Chaplin*, 132 A.2d 200 (Pa. 1957), the plaintiff filed a tort action seeking damages for the defendants' removal of coal from land allegedly owned by the plaintiff. *Hughes*, 132 A.2d at 201. In relevant part, the plaintiff challenged whether the municipality complied with the extant requirements for a tax sale of the plaintiff's property. *Id.* at 202. Although the *Hughes* plaintiff did not sue the municipality directly for damages, that posture occurred in a different case. *See In re Upset Sale of Props. Against Which Delinq. 1981 Taxes Were Returned to Tax Claim Unit On or About First Monday of May, 1982 (Skibo Prop.)*, 560 A.2d 1388 (Pa. 1989) (*Skibo*).

In *Skibo*, our Supreme Court resolved an issue involving the plaintiffs suing the taxing authority for negligence. *Id.* at 1389. In pertinent part, the plaintiffs contended that because the taxing authority failed to provide proper notice, the plaintiffs' purchase of the property was set aside. *Id.* The plaintiffs thus sued the taxing authority for damages, specifically "for loss of interest on the amounts they borrowed to buy the property at the sale." *Id.* Neither case, however, directly addressed whether the plaintiffs could raise their tort claims within the scope of an action under the Tax Sale Law. *See generally id.*; *Hughes*, 132 A.2d at 200-02.

Instantly, the trial court's order at issue denied Appellant's petition to "preserve for civil lawsuit for loss of removed property," in which Appellant apparently accused the Bureau of negligence and requested damages of $60,000. *See* Pet. to Preserve for Civil Lawsuit for Loss of Removed Prop.; *see also Young*, 138 A.3d at 87 (noting courts may liberally construe *pro se* pleadings). The Tax Sale

6

Law permits the taxpayer to file objections or exceptions to the tax sale itself. *See, e.g.*, Section 607(d) of the Tax Sale Law, 72 P.S. § 5860.607(d). However, the Tax Sale Law does not explicitly provide for an action or claim for negligence, let alone a remedy upon a finding that the Bureau is liable. *See* 1 Pa.C.S. § 1504; Sections 101 to 803 of the Tax Sale Law, 72 P.S. §§ 5860.101 to .803; *see generally* Section 101 of the Tax Sale Law, 72 P.S. § 5860.101 note; *Alpini*, 294 A.3d at 322.

Further, we note the trial court sustained Appellant's objections or exceptions. *See* Order, 11/18/19; Order, 3/25/21. In other words, Appellant is not presently aggrieved by any adverse action under the Tax Sale Law as to trigger his right to file any objections or exceptions, let alone the petition at issue. Appellant's claim, as raised in his petition, should have been filed in a complaint. *Cf. generally Hughes*, 132 A.2d at 201; *Skibo*, 560 A.2d at 1389.

Because the Tax Sale Law does not authorize Appellant's petition, the trial court erred by resolving it in this jurisdictional context.[11] Since the trial court could not entertain Appellant's petition, an administrative breakdown in court operations occurred when the court resolved Appellant's petition. Consequently, the

---

[11] We do not hold that the trial court can *never* entertain Appellant's apparent negligence claim. *Cf. Wagner*, 684 A.2d at 575; *NASDAQ*, 52 A.3d at 319-20. Rather, we hold that because Appellant filed his petition under the Tax Sale Law, which does not expressly provide for Appellant's claim, the trial court erred by resolving the petition. The issue of whether Appellant has a cause of action for an alleged violation of the Tax Sale Law is not before this Court. *Cf. NASDAQ*, 52 A.3d at 319-20 (resolving whether the plaintiffs had a common law cause of action for an alleged violation of a federally authorized rule).

We add that permitting Appellant's claim to proceed under the Tax Sale Law seemingly raises numerous procedural issues. For example, if the trial court found in Appellant's favor, then we would have to resolve the availability of post-trial relief and whether judgment could even be entered against the Bureau. *See* Pa.R.Civ.P. 3190 (noting a judgment in a tax claim case is enforced against the *real property*). If Appellant had filed a *complaint*, then it appears the trial court may exercise its general jurisdiction over the action. *Cf. NASDAQ*, 52 A.3d at 319-20.

court's order resolving Appellant's petition is void.[12]

## IV. CONCLUSION

For these reasons, we vacate the order below, strike Appellant's "motion for judgment on pleadings/dispositive motion" filed in this Court, and remand with instructions to dismiss Appellant's petition.

LORI A. DUMAS, Judge

---

[12] But even if we could address the merits of Appellant's appeal, he did not establish entitlement to relief. We agree with the trial court that Appellant failed to establish any personal property was removed from his home and, even if property was removed, that the Bureau was responsible for its removal. Trial Ct. Op., 8/30/21, at 1. To the extent Appellant argues that the Bureau lacked the authority to initiate a sale while he was pursuing collateral relief from his criminal conviction, he waived the issue by failing to raise it in his Pa.R.A.P. 1925(b) statement. *See generally City of Phila. v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael C. Romig,     :
    Appellant   :
         :  No. 1138 C.D. 2021
   v.      :
         :
Mifflin County Tax Claim Bureau  :

## **O R D E R**

AND NOW, this 10th day of August, 2023, we VACATE the July 19, 2021 order entered by the Mifflin County Court of Common Pleas, STRIKE the "motion for judgment on pleadings/dispositive motion" filed by Michael C. Romig (Appellant), and remand with instructions to DISMISS Appellant's "petition to preserve for civil lawsuit for loss of removed property." Jurisdiction relinquished.

        _____
        LORI A. DUMAS, Judge